

# The Attorney General of Texas

October 18, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles M. Cobb
Titus County District Attorney
Courthouse
Mt. Pleasant, Texas 75455

Opinion No. MW-72

Re: Selection of a hospital district depository.

Dear Mr. Cobb:

You have requested our opinion concerning the deposit of funds for the Titus County Hospital District. You first inquire as to the selection of the depository to be used by the district. The district was created by the 58th Legislature. Acts 1963, 58th Leg., ch. 298, at 771. Section 11 thereof provides:

> Sec. 11. Within thirty (30) days after the appointment of the Board of Hospital Managers of the District and each two (2) years thereafter the said Board shall select a depository for such District which shall be one or the same depository theretofore selected by the County, such depository shall secure all funds of the District in the manner now provided for the security of county funds.

(Emphasis added). This provision limits the district's choice to the institution or institutions designated as the county's depository.

You next ask whether money deposited to the Interest and Sinking Fund Account for the payment of bonds may be invested to draw interest from the time it is placed in the fund until needed for making interest payments or principal payments on outstanding bonds. Section 3 of the 1963 act creating the hospital district provides that:

> The Commissioners Court of the County shall have the power and authority, and it shall be its duty, to levy . . . a tax . . . for the purpose of (1) paying the interest on and creating a sinking fund for bonds which may have been assumed or which may be issued by the Hospital District. . . .

Id. at 772. Section 4 provides similarly that a tax be levied to create a fund sufficient to pay the interest and principal on the bonds as they mature. Appropriate investment of money held in an Interest and Sinking Fund is permissible so long as sufficient sums are available to meet promptly any principal and interest requirements of outstanding obligations. See Elser v. City of Forth Worth, 27 S.W. 739 (Tex. Civ. App. — 1894, writ ref'd); Bexar County Hospital District v. Crosby, 327 S.W.2d 445, 448 (Tex. 1959) (interest from investment must be applied to sinking fund itself). We note that the district funds are secured by the depository in the same manner as are county funds. See generally Attorney General Opinions H–1254 (1978) (consolidation of funds); H–1174 (1978) (proper use of bonds proceeds); C–537 (1965) (interest earned on bond proceeds placed in sinking fund); WW–1083 (1961); V–1182 (1951); Letter Advisory No. 147 (1977) (investment of county sinking funds); art. 836, V.T.C.S. Cf. art. 779, V.T.C.S.

The Interest and Sinking Fund account should be deposited in the depository selected under section 11 which is explicitly made the depository for all district funds.

## SUMMARY

The Titus County Hospital District may select its depository from among those used by Titus County. The Interest and Sinking Fund should be deposited in the depository and may be invested to draw interest.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood